UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NOS: 5:07-CR-00287-BR
5:10-CR-116-BR

PEDRO MARTINEZ-HERNANDEZ )
)
)
) ORDER
)
)
UNITED STATES OF AMERICA )

This matter is before the court for initial review of this 28 U.S.C. § 2255 petition pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. Under this Rule, "if it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." R. Gov. § 2255 Pro. 4(b).

Petitioner, a citizen of Mexico, pled guilty (without a plea agreement) to illegally re-entering the United States after having been convicted of an aggravated felony and deported in violation of 8 U.S.C. § 1326(a)(2), (b)(2). The court calculated his guideline range as 57 to 71 months. The court sentenced petitioner to 71 months imprisonment. Petitioner appealed his sentence, and the Fourth Circuit Court of Appeals affirmed it.

At the outset, the court must address petitioner's request that the undersigned disqualify himself from considering this motion pursuant to 28 U.S.C. § 455(a), (b). (Pet., Attach. Br. at 5.) Petitioner contends that the undersigned shares "personal thoughts and feelings" "with racial extremist groups for which the district court sided with in making decisions." (Id,) Petitioner takes issue with the court's comment at his sentencing about "'bad publicity in the press about,

illegal immigration' . . . 'in the last several years.'" (Id. (quoting 4/7/08 Tr. at 9))  Petitioner contends that the court "used an outside prejudicial source that showed a complete animosity towards Mexicans in general," (Pet. at 7), and based on "these views," the court did not consider any mitigating factors in arriving at petitioner's sentence and denied petitioner a fair sentencing hearing, (Pet., Attach. Br. at 6).

The statute on which petitioner relies requires that a federal judge "disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or "where he has a personal bias or prejudice concerning a party."  28 U.S.C. § 455(a), (b).

> [A] judge must possess neither actual nor apparent bias against a party, and "in the most extreme of cases" of bias, where, for example, a judge has a personal stake in the outcome of litigation, the judge's recusal will be required.  If a judge possesses actual or apparent prejudice either for or against a party, federal law provides the aggrieved party with a statutory remedy.
>   A federal judge is obliged to recuse himself if a person with knowledge of the relevant facts might reasonably question his impartiality. The test is an objective one: as we have previously observed, a judge must disqualify himself whenever his "'impartiality might reasonably be questioned.' " In other words, "[d]isqualification is required if a reasonable factual basis exists for doubting the judge's impartiality. The inquiry is whether a reasonable person would have a reasonable basis for questioning the judge's impartiality, not whether the judge is in fact impartial." A presiding judge is not, however, required to recuse himself simply because of "unsupported, irrational or highly tenuous speculation."  Put simply, "[t]he proper test to be applied is whether another with knowledge of all of the circumstances might reasonably question the judge's impartiality."

United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003) (citations omitted; most alterations in original).

The court's remarks with which petitioner takes issue came immediately after his counsel asked the court to impose a sentence within the guideline range (which the court ultimately did,

2

albeit at the high end), and they are, in their entirety, as follows:

> Well, of course, there's been a lot of bad publicity in the press in the last several years about illegal immigration. And I really have a lot of sympathy for people who come to this country seeking employment and -- but people like you give the people who are coming here legitimately trying to get work a real bad name, Mr. Martinez-Hernandez. And you were deported and turned right around and came back. And we can't build enough fences to keep everybody out. And when you come [sic] back you violated the law by selling drugs and things of that nature. So, I don't know anything to do except send you to prison, and that's what I'm going to do.

(4/7/08 Tr. at 9-10.)

This opinion about publicity surrounding illegal immigration and about immigrants who come to the United States legitimately seeking employment as well as the court's assessment of petitioner's actions in this case do not show any bias or prejudice against Mexican nationals and otherwise are not indicative of bias or prejudice. Considering the remarks as a whole, one could not reasonably question the undersigned's impartiality. Accordingly, petitioner's request that the undersigned be disqualified is DENIED.

Turning to the grounds for the § 2255 motion, the first claim petitioner asserts is based on trial counsel's purported failure to investigate the case and discuss with petitioner whether a valid defense existed so as to negotiate a plea bargain. (Pet., Attach. Br. at 2.) Petitioner initially contends that the warrant for his arrest was invalid because it was not supported by probable cause. (Id. at 3.) There is no doubt that petitioner's counsel had an obligation to conduct an adequate investigation of the applicable law and facts of the case. See United States v. Russell, 221 F.3d 615, 620-21 (4th Cir. 2000). With respect to probable cause sufficient to obtain issuance of an arrest warrant, an officer is only required to present "enough evidence 'to

3

warrant a man of reasonable caution in the belief that' an offense has been or is being committed." Wilkes v. Young, 28 F.3d 1362, 1365 (4th Cir.1994) (citation omitted). This court must look at the "totality of the circumstances" in determining whether there was probable cause. See Illinois v. Gates, 462 U.S. 213, 238 (1983).

Petitioner argues that probable cause was lacking because there was "no nexus" between the infraction which prompted petitioner's original arrest[1] (i.e., a domestic dispute) and his alleged gang activity. (Pet., Attach. Br. at 3; see also Crim. Compl., Aff. ¶ 4(e) (agent's testimony that petitioner's official Alien File has evidence indicating petitioner is or was affiliated with the North Side 15th Avenue Street Gang). However, such a nexus need not have been established. It is enough that the agent testifying in support of issuance of the arrest warrant presented evidence that an individual named Pedro Martinez-Hernandez had previously been convicted of an aggravated felony; that the United States had previously deported such person; that such person re-entered the United States without having the permission of the Attorney General; that petitioner identified himself to the agent as Pedro Martinez-Hernandez; and that the person so identifying himself fit the description contained in the official Alien File for Pedro Martinez-Hernandez. See United States v. Crawford, 18 F.3d 1173, 1175 & n.2 (4th Cir. 1994) (noting district court's jury instruction mirrored § 1326(a)'s elements: "First, that the defendant was an alien at the time alleged in the indictment; [s]econd, that the defendant

---

[1] On 4 June 2007, local law enforcement officers arrested petitioner on a charge stemming from a domestic dispute. (Crim. Compl., Aff. ¶ 6; see also Pet., Attach. Br. at 3.) A local law enforcement officer notified a Special Agent of the Bureau of Immigration and Customs Enforcement ("ICE") of this arrest. (Crim. Compl., Aff. ¶ 6.) In conjunction with an investigation into violent street gangs, on 4 September 2007, ICE agents and local law enforcement officers went to petitioner's purported residence to speak with petitioner. (Id. ¶ 7). As a result, petitioner was detained on immigration charges. (Id.) Petitioner was subsequently arrested on the instant charge of violating 8 U.S.C. § 1326.

previously had been arrested and deported from the United States; [t]hird, ... that thereafter the defendant unlawfully entered or was found unlawfully present in the United States; and [f]ourth, that the defendant had not received the consent of the Attorney General of the United States to apply for readmission to the United States since the time of the defendant's previous deportation." (alterations in original)). Having reviewed the affidavit filed in support of issuance of the arrest warrant, the court finds that sufficient probable cause existed to arrest petitioner for illegal re-entry after having been convicted of an aggravated felony and deported. Accordingly, there was no basis for trial counsel to challenge probable cause.[2]

Petitioner also takes issue with trial counsel's failure to do anything regarding the seizure from petitioner of "some jewelry worth several thousand" dollars at the time he was detained on the instant charge. (Pet., Attach. Br. at 3.) Petitioner claims that neither he nor his wife consented to the search of their home; there was no nexus between the jewelry seized and his alleged gang activity; and he was not provided notice of forfeiture under 18 U.S.C. § 982 or § 983. (Id. at 3, 4). By petitioner's own admission, it was local police officers, not federal agents, who searched his home and seized the jewelry. (Id. at 3). Petitioner's trial counsel was appointed to represent him in connection with the instant federal charge and did not represent him with respect to any state charge or related issues. In addition, the federal authorities are not required to provide notice of property seized by a state. Thus, petitioner's trial counsel was not deficient regarding the seizure of petitioner's property.

Petitioner next contends trial counsel was ineffective for failing to file a motion that the undersigned recuse himself. (Pet. at 5.) Petitioner notes that the deputy clerk's initials "AEB"

---

[2] In fact, with the assistance of counsel, petitioner waived his right to a probable cause hearing. (See 9/12/07 Waiver Prelim. Hr'g.)

appear in conjunction with docket entry 13, the indictment, and therefore, he argues, it follows that because the grand jury foreperson's signature is redacted from the indictment, the deputy clerk must have been the grand jury foreperson. (<u>See</u> Pet., Attach. Br. at 4-5.) In turn, he contends the grand jury foreperson/deputy clerk is related to the undersigned because my initials are "WEB" and the clerk's initials are "AEB." (<u>See</u> <u>id.</u>) This line of reasoning is nonsensical. The deputy clerk who entered the indictment on the docket does have the initials "AEB." However, that clerk does not have the undersigned's same middle or last name and is not related to the undersigned. In addition, the clerk did not serve as the grand jury foreperson. The foreperson's signature is redacted from every indictment filed electronically pursuant to Judicial Conference policy. <u>See</u> *Guidance for Implementation of the Judicial Conference Policy on Privacy and Public Access to Electronic Criminal Case Files*, available at http://www.privacy.uscourts.gov/crimimpl.htm (prohibiting disclosure of "documents containing identifying information about jurors"). Petitioner's contention is meritless, and therefore trial counsel was not ineffective for failing to file a motion to recuse on this basis.

    Having reviewed the motion and attached memorandum as well as the record in petitioner's underlying criminal case, the court finds that petitioner is not entitled to relief, and the § 2255 motion is DISMISSED.

    This 26 May 2010.

                                                  W. Earl Britt
                                                 Senior U.S. District Judge

6

Case 5:07-cr-00287-BR   Document 37   Filed 05/26/10   Page 6 of 6